UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

HAFEZ AHMED and ROKEYA BEGUM,

                        Plaintiffs,

    -against-

MOHAMMED SIDDIQUE, PAUL N. SENSENIG
and WELLS BROTHERS INC.,

                        Defendants.
------------------------------------------------------------------x

**08 CV 01108**

Case No.:

**NOTICE OF FILING OF**
**NOTICE OF REMOVAL**

**C O U N S E L O R S :**

    **PLEASE TAKE NOTICE,** that a Notice of Removal of the above-captioned action from the Supreme Court of the State of New York, County of Bronx, to the United States District Court for the Southern District of New York, a copy of which is annexed hereto, was duly filed in the United States District Court for the Southern District of New York.

    **PLEASE TAKE FURTHER NOTICE,** that a copy of said Notice of Removal was filed with the Clerk of the Supreme Court of the State of New York, County of Bronx, in accordance with 28 U.S.C.§1446(d).

Dated: New York, New York
       January 31, 2008

                                          Yours, etc.,

                                          LITCHFIELD CAVO LLP

                                          By: _____
                                               Edward Fogarty, Jr. (4587)
                                       420 Lexington Avenue, Suite 2104
                                       New York, New York 10170
                                       (212) 434-0100
                                     *Attorneys for Petitioner*
                                     *Paul N. Sensenig & Wells Brothers Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
HAFEZ AHMED and ROKEYA BEGUM,

                        Plaintiffs,

    -against-

MOHAMMED SIDDIQUE, PAUL N. SENSENIG
and WELLS BROTHERS INC.,

                        Defendants.
------------------------------------------------------------------x

**Case No.:**

**NOTICE OF REMOVAL**

## TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

    **PAUL N. SENSENIG and WELLS BROTHERS INC.**, defendants in the above-captioned action, respectfully provide this Notice of Removal to the Court of an action now pending in the Supreme Court of the State of New York, County of Bronx. As grounds for removal, defendant, by its attorneys, LITCHFIELD CAVO LLP, respectfully sets forth the following:

    1.    On the 3rd day of January 2008, an action was purportedly commenced against the petitioner in the Supreme Court of the State of New York, in and for the County of Bronx, entitled <u>HAFEZ AHMED and ROKEYA BEGUM v. MOHAMMED SIDDIQUE, PAUL N. SENSENIG and WELLS BROTHERS INC.</u>, Docket No.: 300036/08, by filing a copy of the summons and complaint with the clerk of the court. True and correct copies are annexed hereto as Exhibit "A".

    2.    The summons and complaint annexed hereto constitute "all process, pleadings and order" purportedly served upon defendants in the aforesaid action, within the meaning of 28 U.S.C. §1446(a). Defendants/petitioners have not answered the complaint and the time within which they may answer or move with respect to the complaint has not expired.

    3.    Defendants/petitioners, PAUL N. SENSENIG and WELLS BROTHERS INC., purportedly were served a copy of the complaint on or after January 15, 2008, by service upon the

Secretary of State for the State of New York. A Notice of Removal is being filed within thirty days after receipt by defendant WELLS BROTHERS INC., of a copy of the complaint, and is timely filed under 28 U.S.C. §1332. There is no indication that defendant PAUL N. SENSENIG, has received a copy of the pleadings as of this filing, or that service has been completed under New York Vehicle and Traffic Law §253.

4. Upon the information provided in the summons and complaint, at the time this action was commenced, plaintiffs reside in the State of Connecticut.

5. At the time of the commencement of this action, upon information and belief, WELLS BROTHERS INC., was and is a Foreign Corporation with its principal place of business in Pennsylvania. Defendant PAUL N. SENSENIG is a resident of Pennsylvania.

6. The above described action is a civil action of which this court has diversity jurisdiction under the provisions of Title 28, U.S.C.§1441, in that plaintiffs, HAFEZ AHMED and ROKEYA BEGUM, were residents of the State of Connecticut; and that WELLS BROTHERS INC., was and is a Foreign Corporation with its principal place of business in Pennsylvania, and PAUL N. SENSENIG is a Pennsylvania resident.

**WHEREFORE,** petitioner prays that the above action now pending against him in the Supreme Court of the State of New York in and for the County of Bronx, be removed therefrom to this Court.

Dated: New York, New York
      January 31, 2008

Yours, etc.,

LITCHFIELD CAVO LLP

By: _____
Edward Fogarty, Jr. (4587)
420 Lexington Avenue, Suite 2104
New York, New York 10170
(212) 434-0100
*Attorneys for Defendants*
*Paul N. Sensenig & Wells Brothers Inc.*

**EXHIBIT "A"**

C...... 734489

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
---------------------------------------------------------------X
HAFEZ AHMED,

                                          Plaintiff,

                 -against-

MOHAMMED SIDDIQUE, PAUL N. SENSENIG,
AND WELLS BROTHERS INC.,

                                       Defendants.
---------------------------------------------------------------X

Index No.: 300036-08
Date Purchased: 1-3-08
SUMMONS

Plaintiff designates KINGS
County as the place of trial.

The basis of venue is:
CPLR § 503(a) plaintiff chooses
Bronx county since none of the
parties reside in New York State

To the above named Defendants:

      You are hereby summoned to answer the complaint in this action, and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the Plaintiff's attorneys within twenty days after the service of this summons, exclusive of the day of service, where service is made by delivery upon you personally within the state, or, within 30 days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated:         BROOKLYN, NEW YORK
                  January 2, 2008

ARKADY FREKHTMAN
FREKHTMAN & ASSOCIATES
Attorneys for Plaintiff
60 Bay 26th Street
Brooklyn, New York 11214
718-331-7700

TO:    MOHAMMED SIDDIQUE
         125 Railroad Street New Milford, CT 06776

         PAUL N. SENSENIG
         2251 York Rd. Gettysburg, PA 17325

         WELLS BROTHERS INC.
         1060 Zinnsquarry Rd York, PA 17404

BRONX COUNTY
COUNTY CLERK
08 JAN -3 PM 3:52

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-----------------------------------------------------------X
HAFEZ AHMED AND ROKEYA BEGUM,

        *Plaintiffs,*

-against-

WELLS BROTHERS INC., PAUL N. SENSENIG,
AND MOHAMMED SIDDIQUE,

        *Defendants.*
-----------------------------------------------------------X

Index No.:

Date Purchased:

**VERIFIED COMPLAINT**

  Plaintiff, by his attorneys, **FREKHTMAN & ASSOCIATES**, complaining of the Defendants, respectfully alleges, upon information and belief, as follows:

  1. At all times herein mentioned, Plaintiff **HAFEZ AHMED** was and still is resident of the State of Connecticut.

  2. At all times herein mentioned, Plaintiff **ROKEYA BEGUM** was and still is the spouse of plaintiff Ahmed and a resident of the State of Connecticut.

  3. At all times herein mentioned, Defendant, **MOHAMMED SIDDIQUE**, was a resident of the State of Connecticut.

  4. At all times herein mentioned, Defendant, **PAUL N. SENSENIG** was and still is a resident of the State of Pennsylvania.

  5. At all times herein mentioned, Defendant, **WELLS BROTHERS INC.** was and still is a corporation duly organized and existing pursuant to the laws of the State of Pennsylvania.



6. At all times herein mentioned, Defendant, **WELLS BROTHERS INC.**, was the owner of a 2007 Peterbuilt tractor trailer K1 type motor vehicle bearing Pennsylvania State registration number AF45313.

7. At all times herein mentioned, Defendant, **PAUL N. SENSENIG**, operated the aforesaid motor vehicle.

8. At all times herein mentioned, Defendant, **PAUL N. SENSENIG**, operated the aforesaid motor vehicle with the knowledge of the Defendant **WELLS BROTHERS INC.**.

9. At all times herein mentioned, Defendant, **PAUL N. SENSENIG**, operated the aforesaid motor vehicle with permission of the Defendant **WELLS BROTHERS INC.**.

10. At all times herein mentioned, Defendant, **PAUL N. SENSENIG**, operated the aforesaid motor vehicle in the scope of employment with the Defendant **WELLS BROTHERS INC.**.

11. At all times herein mentioned, Defendant, **WELLS BROTHERS INC.** managed the aforesaid motor vehicle.

12. At all times herein mentioned, Defendant, **PAUL N. SENSENIG**, managed the aforesaid motor vehicle.

13. At all times herein mentioned, Defendant, **WELLS BROTHERS INC.**, controlled the aforesaid motor vehicle.

14. At all times herein mentioned, Defendant, **PAUL N. SENSENIG**, controlled the aforesaid motor vehicle.

15. At all times herein mentioned, Defendant, **WELLS BROTHERS INC.**, maintained the aforesaid motor vehicle.

16. At all times herein mentioned, Defendant, **PAUL N. SENSENIG**, maintained the aforesaid motor vehicle.

17. At all times herein mentioned, Defendant, **MOHAMMED SIDDIQUE**, was the owner of a 2001 Toyota P motor vehicle bearing Connecticut State registration number 5CE-863.

18. At all times herein mentioned, Defendant, **MOHAMMED SIDDIQUE**, operated the aforesaid motor vehicle bearing Connecticut State registration number 5CE-863.

19. At all times herein mentioned, Defendant, **MOHAMMED SIDDIQUE**, managed the aforesaid motor vehicle.

20. At all times herein mentioned, Defendant, **MOHAMMED SIDDIQUE**, controlled the aforesaid motor vehicle.

21. At all times herein mentioned, Defendant, **MOHAMMED SIDDIQUE**, maintained the aforesaid motor vehicle.

22. At all times herein mentioned, I-84 Westbound West of Milepost 68.5 near Exit 20 in the County of Putnam, State of New York, were public roadways, streets and/or thoroughfares.

23. That on December 20, 2007, Defendant **PAUL N. SENSENIG** was operating the vehicle owned by **WELLS BROTHERS INC.** at the aforementioned location.

24. That on December 20, 2007, Defendant **MOHAMMED SIDDIQUE** was operating his motor vehicle at the aforementioned location.

25. That on December 20, 2007, Plaintiff, **HAFEZ AHMED**, was a passenger in the motor vehicle owned and operated by Defendant **MOHAMMED SIDDIQUE** at the aforementioned location.

26. That on December 20, 2007, at I-84 Westbound near Exit 20 in the County of Putnam, State of New York, the aforesaid motor vehicles were involved in a collision.

27. That as a result of the aforesaid collision, Plaintiff, **HAFEZ AHMED**, was injured.

28. That the aforesaid occurrence was caused wholly and solely by reason of the negligence of the Defendants without any fault or negligence on the part of the Plaintiff contributing thereto.

29. That Defendants were negligent, careless and reckless in the ownership, operation, management, maintenance, supervision, use and control of the aforesaid vehicles and the Defendants were otherwise negligent, careless, and reckless under the circumstances then and there prevailing.

30. That by reason of the foregoing, Plaintiff, **HAFEZ AHMED**, sustained severe and permanent personal injuries and was otherwise damaged.

31. That Plaintiff, **HAFEZ AHMED**, sustained serious injuries as defined by §5102(d) of the Insurance Law of the State of New York.

32. That Plaintiff, **HAFEZ AHMED**, sustained economic loss greater than basic economic loss as defined by §5104 of the Insurance Law of the State of New York.

33. That Plaintiff, **HAFEZ AHMED**, is not seeking to recover any damages for which Plaintiff has been reimbursed by no-fault insurance and/or for which no-fault insurance is obligated to reimburse Plaintiff. Plaintiff is seeking to recover only those damages not recoverable through no-fault insurance under the facts and circumstances herein.

34. That this action falls within one or more of the exceptions set forth in CPLR §1602.

5

35. That by reason of the foregoing, Plaintiff, HAFEZ AHMED, has been damaged in a substantial amount to be determined by the Supreme Court of the State of New York which amount exceeds the jurisdictional limits of all lower courts which might otherwise have jurisdiction thereof.

### AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF ROKEYA BEGUM, Spouse

36. That at all times hereinafter mentioned, Plaintiff repeats, reiterates and realleges each and every allegation contained in the First Cause of Action, with the same force and effect as though set forth herein at length herein.

37. Plaintiff ROKEYA BEGUM is the spouse of Plaintiff HAFEZ AHMED and as such, is entitled to his services, society, companionship, consortium and support.

38. That by reason of the foregoing Plaintiff ROKEYA BEGUM was deprived of the services, society, companionship, consortium and support of Plaintiff ROKEYA BEGUM in a sum that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

6

WHEREFORE, Plaintiff, **HAFEZ AHMED AND ROKEYA BEGUM**, demand judgment on all causes of action against all Defendants in a substantial amount to be determined by the Supreme Court of the State of New York which amount exceeds the jurisdictional limits of all lower courts which might otherwise have jurisdiction thereof.

Dated:   Brooklyn, New York
         January 2, 2008

Yours, etc.

ARKADY FREKHTMAN, ESQ.
FREKHTMAN & ASSOCIATES
Attorneys for Plaintiff
60 Bay 26th Street
Brooklyn, New York 11214
718-331-7700

7

TOTAL P.09

## INDIVIDUAL VERIFICATION

STATE OF ~~NEW YORK~~ CONNECTICUT )
) SS:
COUNTY OF _____ )

HAFEZ AHMED + ROKEYA BEGUM, being duly sworn, deposes and says: that _or the complaint has been read to the deponents_ deponent is the plaintiff in the within action; that deponent has read the foregoing COMPLAINT and knows the contents thereof; that the same is true to deponent's own knowledge, except as to the matters therein stated to be alleged on information and belief, and that as to those matters, deponent believes them to be true.

x ROKEYA BEGUM

x B' Hafez Ahmed

Sworn to before me this
2 day of January, 2008

_____
Notary Public FREKHTMAN ARKADY
Notary Public State of New York
No. 02FR6021776
Qualified in Kings County
Commission Expires 03.22.2011