# FREKHTMAN & ASSOCIATES

ATTORNEYS AND COUNSELLORS AT LAW
60 BAY 26th STREET
BROOKLYN, NEW YORK 11214
(718) 331-7700 FAX: (718) 232-7967
rkdlaw@gmail.com

March 5, 2008

Ronald Ellis
Magistrate Judge
United States District Court
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re:   Ahmed v. Siddique, et al.
      2008 CV 1108

Dear Judge Ellis:

I am writing with regard to the Notice of Removal in the above action. There is NO complete diversity since plaintiff Ahmed and defendant Siddique both resided in the State of Connecticut at the time of the accident. In fact, both parties were traveling from their homes in Connecticut to New York when the accident occurred.

I have written to defense counsel, Edward Fogarty, of Litchfield Cavo at least three times having included the summons and verified complaint filed in Bronx County Supreme Court for the State of NY which clearly states that both Ahmed and Siddique live in Connecticutt. I have also included a print out from Accurint search services, a division of Lexis-Nexis, which confirms that defendant Siddique lived in Connecticut and that his motor vehicle which had Connecticut license plates was registered in that state. Despite this, I have been unable to receive a response as to whether defense counsel will consent to discontinue this notice of removal which is clearly erroneous.

In diversity cases the subject matter jurisdiction of the federal courts is defined by who the parties to the lawsuit are rather than the subject matter of the underlying dispute. Federal subject matter jurisdiction exists in cases where the opposing parties are citizens of different states and the amount in controversy exceeds $75,000 exclusive of interests and costs. (28 U.S.C. § 1332) "Citizenship" is synonymous with "domicile" and "domicile" means physical presence in the state coupled with the intent to reside

# FREKHTMAN & ASSOCIATES

ATTORNEYS AND COUNSELLORS AT LAW
60 BAY 26th STREET
BROOKLYN, NEW YORK 11214
(718) 331-7700 FAX: (718) 232-7967
rkdlaw@gmail.com

there indefinitely. There must be complete diversity of citizenship between the parties on each side, i.e., all plaintiffs must be citizens of different states than all defendants.

The "rule of complete diversity" holds that there is no diversity jurisdiction when any party on one side of the dispute is a citizen of the same state as any party on the other side. If any plaintiff shares a common citizenship with any defendant, then diversity is destroyed and along with it federal jurisdiction. (*Strawbridge v. Curtis*, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806) Plaintiff Ahmed and defendant Siddique both reside in Connecticut.

In the event defense counsel continues to refuse to discontinue his Notice of Removal to the U.S. Federal Court for the S.D.N.Y., I would respectfully request the court set a motion schedule so that plaintiff may file a motion to dismiss the removal via ECF in accordance with the court's preferred timetable.

Thank you for your time and attention to this matter.

Sincerely,

Arkady Frekhtman